**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 24-00585-EG |
| | Chapter 7 |
| Ingrid Brown, | |
| Debtor(s). | **ORDER DENYING REAFFIRMATION AGREEMENT OF VEHICLE LEASE** |

**THIS MATTER** comes before the Court on the Reaffirmation Agreement Between Debtor and Mercedes-Benz Vehicle Trust successor in interest to Daimler Trust (the "Reaffirmation Agreement") filed on April 8, 2024.[1] According to the Reaffirmation Agreement, Ingrid Brown ("Debtor") seeks to reaffirm a debt with Mercedes-Benz Vehicle Trust successor in interest to Daimler Trust ("Creditor") in the amount of $16,838.94, plus any fees and costs that have accrued since February 16, 2024, the date of the reaffirmation disclosure statement Creditor provided to Debtor. This debt stems from a Lease Agreement ("Lease") entered into by Debtor and Creditor on April 28, 2021 for a 2021 Mercedes-Benz GLC300W, VIN W1N0G8DB7MV263495.

Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on February 16, 2024 (the "Petition Date") without the assistance of counsel. In Part 2 of her Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108), Debtor indicates her intention to assume an unexpired personal property lease with "MBFS" that is disclosed in Schedule G as a vehicle lease for a 2021 Mercedes-Benz GLC300.[2] On March 25, 2024, the Chapter 7 trustee filed a Report of No Distribution indicating that there was no property available for distribution from the estate over and above that

---

[1] ECF No. 36.
[2] ECF No. 1, filed Feb. 16, 2024.

1

exempted by law.[3]  Based on the Notice of Chapter 7 Bankruptcy Case, the last day to oppose discharge is May 24, 2024.

On April 8, 2024, BK Servicing, LLC ("BK Servicing"), as servicer for Creditor, filed the Reaffirmation Agreement, signed by Debtor and an agent for BK Servicing,[4] with an accompanying Motion for Court Approval.  The Reaffirmation Agreement provides for a payment schedule of one payment of $943.72 due on or before March 22, 2024, and 17 monthly payments of $722.51 beginning on February 28, 2024.  In Part B of the Reaffirmation Agreement, under "Description of any changes to the credit agreement made as part of this reaffirmation agreement," the terms state that "Creditor is willing to have the Lease assumed by Debtor(s) upon such terms as are contained in this agreement.  I (we) agree that by signing this agreement, I (we) am providing notification to Creditor that the lease is assumed by the Debtor(s) pursuant to 11 U.S.C. 365(p)(2)(B)."

The Court held a hearing on the Reaffirmation Agreement on May 2, 2024, at which neither Debtor nor any counsel or representative for Creditor appeared.  The Court noted for the record that a hearing on the Reaffirmation Agreement was necessary pursuant to § 524(c) because Debtor is not represented by counsel, meaning the Court cannot grant a reaffirmation agreement absent finding that the agreement does not pose an undue hardship and is in the best interest of the debtor.  *See* § 524(c)(6)(A). Having reviewed the Reaffirmation Agreement, the Court indicated that the underlying agreement is for Debtor's assumption of a vehicle lease.  Given Debtor's absence from the hearing and for

---

[3] ECF No. 33.
[4] The Cover Sheet for Reaffirmation Agreement (Official Form 427) attached to the filing was signed by Debtor on March 26, 2024, and by Ed Gezel, Agent for BK Servicing, LLC as Attorney in Fact, on April 2, 2024.  The Reaffirmation Agreement itself was signed on page 6 by Debtor on March 27, 2024, and by Ed Gezel, with the "Date of creditor acceptance" listed as March 12, 2024.

2

the reasons stated at the hearing and discussed herein, the Court denies the Reaffirmation Agreement.

Reaffirmation of pre-petition debt pursuant to § 524(c) is an entirely distinct process from the assumption of a personal property lease under § 365(p), and each process serves "discrete purposes that are independent from the other."  *In re Kearns*, No. 20-20252-BPH, slip op. at 2 (Bankr. D. Mont. Feb. 12, 2021).  Section 524(c) provides that a debtor may enter into an agreement with a claim holder to "reaffirm" the debtor's personal liability for pre-petition debt that would otherwise be dischargeable if the agreement complies with certain enumerated requirements.  If the debtor is not represented by counsel during negotiations with the claim holder, the reaffirmation agreement is unenforceable after discharge unless the bankruptcy court finds that such agreement (i) does not impose an undue hardship on the debtor or the debtor's dependents, and (ii) is in the debtor's best interest.  11 U.S.C. § 524(c)(6)(A).  Reaffirmation agreements are "subject to intense judicial scrutiny" and must be approved by the court precisely because they contravene the general purpose of the bankruptcy system as providing debtors with a "fresh start."  *In re Ebbrecht*, 451 B.R. 241, 243-44 (Bankr. E.D.N.Y. 2011).

Section 365(p), in contrast, operates to allow an individual Chapter 7 debtor to assume an unexpired pre-petition lease for personal property without the court's involvement.  *See Kearns*, slip op. at 4 (noting the absence of any reference to judicial involvement or rigid deadlines in § 365(p)); *In re Jacobs*, No. 20-80473, 2021 WL 1963929, at *2 (Bankr. M.D.N.C. Feb. 22, 2021) ("The statute does not require a chapter 7 debtor or the respective lessor to file a motion to assume the lease and the bankruptcy court has no role in the approval of a lease or its terms.").  Where such a lease has been

rejected or not timely assumed by the Chapter 7 trustee, the leased property is no longer property of the estate and no longer subject to the § 362(a) automatic stay. 11 U.S.C. § 365(p)(1). At that point, an individual Chapter 7 debtor may proceed with assuming the lease following the steps described in § 365(p)(2):

> (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
> (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

This relatively informal process for lease assumption "simply requires communication between the lessor and the debtor and a writing to memorialize the assumption." *In re Rogers*, 359 B.R. 591, 593 (Bankr. D.S.C. 2007). Given that the Bankrtupcy Code provides a specific, separate process to effectuate a lease assumption without court approval, it is an unnecessary waste of judicial resources for Debtor to assume her pre-petition vehicle lease by entering a reaffirmation agreement with the lessor. *See Bobka v. Toyota Motor Credit Corp.*, 968 F.3d 946, 952 (9th Cir. 2020) (reasoning that "[i]f the Code requires a separate reaffirmation agreement in order to make a lease assumption effective, it is difficult to see how section 365(p)(2) serves any purpose"); *In re MacGregor*, No. 19-10241, 2019 WL 7602197 (Bankr. D. Vt. Nov. 18, 2019) (denying the debtor's reaffirmation agreement with an automobile lessor and threatening future sanctions for the lessor that had filed similar reaffirmation agreements in multiple cases despite the court's ruling in *In re Hayden*, No.

13-10865, 2014 WL 1612164 (Bankr. D. Vt. Apr. 22, 2014), which held that debtors must follow the process in § 365(p) to assume an unexpired lease of personal property).

Furthermore, this Court agrees with the reasoning of other bankruptcy courts that have determined that § 365(p) provides the sole means of effectuating a lease assumption. *See, e.g., Ebbrecht*, 451 B.R. at 248 ("A personal property lease may only be assumed under Bankruptcy Code Section 365(p)."); *Kearns*, slip op. at 4 ("Absent any indicia of congressional intent to permit debtors to assume leases according to the procedures set forth in § 524(c), this Court is reluctant to do so."). Though it is understandable that lessors would want to use a method that allows them to initiate the lease affirmation process and obtain the Court's seal of approval, the plain language of § 524(c) does not authorize the Court to approve a lease assumption provided in the form of a reaffirmation agreement.

Accordingly, the Reaffirmation Agreement is denied. To the extent that the Debtor wishes to still assume the vehicle lease, the parties must follow the proper procedure provided in § 365(p)(2).

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**05/03/2024**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 05/03/2024